**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**JOSEPH P. HUNTER**
Public Defender
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GARY R. ROM**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTHONY TYRONE WHITE, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No.  18A02-1109-CR-871 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Thomas A. Cannon, Jr., Judge
Cause No. 18C05-0903-FC-5

**June 12, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-defendant Anthony Tyrone White appeals the revocation of his placement in home detention, arguing that the evidence was insufficient. Finding the evidence sufficient, we affirm.

FACTS

On March 17, 2009, White was charged with class C felony operating a motor vehicle after forfeiture of license for life. On August 3, 2009, White pleaded guilty to the charge. Pursuant to the terms of a plea agreement, White was sentenced to four years in the Indiana Department of Correction (DOC) with two years executed on direct commitment to the Delaware County Community Correction program and the remainder on supervised probation. On October 21, 2009, White was placed on home detention.

On April 20, 2010, the State filed a petition to revoke White's direct commitment. Specifically, the State alleged that White had violated the rules of his direct commitment by committing new crimes, namely, two counts of class A felony child molesting and one count of class C felony child molesting under Cause No. 18C04-1001-FA-1 (FA-1). Rule 20 specified that any new violation of law may result in the removal of his home detention. On June 9, 2011, White pleaded guilty to one count of class B felony child molesting as a lesser-included offense of class A felony child molesting under FA-1.[1] The count of child molest to which White pleaded guilty was alleged to have occurred between July 1, 2009, and December 23, 2009.

---

[1] The State agreed to dismiss the remaining counts under FA-1.

A fact-finding hearing on the petition to revoke was held on August 9, 2011. On September 12, 2011, the trial court concluded that White had violated the terms of his direct commitment, revoked the remainder of his direct commitment and ordered that it be served as executed time at the DOC. The suspended portion of White's sentence remained. White now appeals.

## ARGUMENT

White argues that the State failed to prove that he violated the rules of home detention while he was on direct commitment. More particularly, White points out that the count of felony child molesting to which he pleaded guilty was charged as having occurred between July 1, 2009, and December 23, 2009, but that he was not placed on home detention until October 21, 2009. Therefore, according to White, the State failed to prove the offense was committed after he was placed on home detention.

This court treats a review of a decision to revoke a placement in a community corrections program the same as a hearing on a petition to revoke probation. Cox v. State, 706 N.E.2d 547, 549 (Ind. 1999). At a probation hearing, the State needs only to prove the alleged violations by a preponderance of the evidence. Id. at 551. We consider only the evidence most favorable to the judgment of the trial court without reweighing that evidence or judging the credibility of the witnesses. Id. We will affirm the trial court's decision to revoke probation if there is substantial evidence of probative value to substantiate its conclusion that a violation of any terms of probation has occurred. Monroe v. State, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009).

3

Probationers are not entitled to the full array of constitutional rights afforded to defendants at trial; however, "the Due Process Clause of the Fourteenth Amendment does impose procedural and substantive limits on the revocation of the conditional liberty created by probation." Woods v. State, 892 N.E.2d 637, 640 (Ind. 2008).

In this case, at the revocation hearing, the trial court took judicial notice of the charging information which included the probable cause affidavit and the plea agreement in which White admitted to committing child molesting. Tr. p. 14-16. The probable cause affidavit noted that the last child molesting incident occurred in December 2009, which was well after White had been placed on home detention. In any event, "[t]here is no express language in the community corrections statute that limits the trial court's discretion to revoke placement only when a violation occurs during the period of placement." Million v State, 646 N.E.2d 998, 1002 (Ind. Ct. App. 1995). Consequently, this argument fails, and we affirm the decision of the trial court.

The judgment of the trial court is affirmed.

KIRSCH, J., and BROWN, J., concur.